Per Curiam.

The sole question for determination by this court is whether Section 143.30, Revised Code, so far as it extends civil service jurisdiction to nonteaching employees of city school districts, is unconstitutional and void as being in conflict with Section 10 of Article XV of the Constitution of Ohio, which reads as follows:
“Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision.”
Section 143.30, supra, as amended, effective November 2, 1959, in 128 Ohio Laws, 1066, so far as here relevant reads as follows:
“Such municipal civil service commission shall prescribe, amend, and enforce rules not inconsistent with Sections 143.01 to 143.48, inclusive, of the Revised Code, for the classification of positions in the civil service of such city and city school district, and all the positions in the city health district; for examinations and resignations therefor; for appointments, promotions, removals, transfers, layoffs, suspensions, reductions, and reinstatements therein; and for standardizing positions and maintaining efficiency therein. Said municipal civil service commission shall exercise all other powers and perform all other duties with respect to the civil service of such city, city school district, and city health district, as prescribed by said sections and conferred upon the Director of State Personnel and the State Personnel Board of Review with respect to the civil service of the state; and all authority granted to the director and the board with respect to the service under their jurisdiction shall, except as otherwise provided by Sections 143.01 *77 to 143.48, inclusive, of the Revised Code, he held to grant the same authority to the municipal civil service commission with respect to the service under its jurisdiction. The procedure applicable to reductions, suspensions, and removals, as provided for in Sections 143.26 and 143.27 of the Revised Code, shall govern the civil service of cities.”
A question much similar to that now before the court was decided by this court in the case of State, ex rel. Giovanello, v. Village of Lowellville (1942), 139 Ohio St., 219. In that case, the question was whether the civil service amendment extended to villages, and this court held that it did not. The first paragraph of the syllabus in the Giovanello case reads as follows:
“1. Section 10, Article XV of the Constitution, which requires appointments in the civil service to be made according to merit and fitness to be ascertained as far as practicable by competitive examinations, applies to the state, counties and cities but not to villages.”
In the course of the opinion by Williams, J., at page 222, there appears the following:
“There are two principal subjects of inquiry, (a) the validity and force of Section 4389, General Code, with reference to the classified civil service and to the municipal ordinance quoted, and, if the statute is valid, the proper construction thereof, and (b) the relator’s right to salary * * *.
“First, then, we shall consider the validity and force of the statutory provision.
“The respondents claim that Section 4389, General Code, is invalid because it is violative of the civil service provision of the Constitution (Section 10, Article XV) which requires that appointments and promotions in the civil service of the state, counties and cities be made according to merit and fitness, to be ascertained by competitive examinations so far as practicable. Since villages are not mentioned in the provision, the maxim expressio unius est exclusio alterius applies; therefore villages are excluded from the operation of the constitutional provision. Respondents claim, however, that ‘there is an implied limitation and restriction upon the Legislature to pass laws that are tantamount to civil service laws for villages. ’ Such an implication is inconsistent with the exclusion. In consequence the statute is not invalid for the reason urged.”
*78 The doctrine relied upon in the Giovanello case is universally recognized.
In 16 Corpus Juris Secundum, 89, Constitutional Law, Section 21, there appears the following:
“Unless a different intention is apparent, the enumeration of specified matters in a constitutional provision usually is construed as an exclusion of matters not enumerated.
“Applying the maxim, expressio unius est exclusio alterius, the enumeration of certain specified things in a constitutional provision will usually be construed to exclude all things not thus enumerated. ’ ’
In 11 American Jurisprudence, 667, Constitutional Law, Section 57, there appears the following:
“In construing a constitution, resort may be had to the well-recognized rule of construction contained in the maxim ‘expressio unius est exclusio alterius,’ and the expression of one thing in a constitution may necessarily involve the exclusion of other things not expressed. The rule has been variously applied. For example, where the means for exercise of a granted power are given in a constitution, no other or different means can be implied as being more effectual or convenient, for where a power is expressly given by the constitution and the mode of its exercise is prescribed, such mode is exclusive of all others.”
In 10 Ohio Jurisprudence (2d), 141, Constitutional Law, Section 41, it is stated as follows:
“In construing a constitution, resort may be had to the well-recognized rule of statutory interpretation contained in the maxim, ‘expressio unius est exclusio alterius.’ The expression of one thing in a constitution may necessarily involve the exclusion of other things not expressed.”
In the case of Board of Elections for Franklin County v. State, ex rel. Schneider (1934), 128 Ohio St., 273, Stephenson, J., in the course of the opinion stated:
“In approaching the question of the constitutionality of this act we are not unmindful of the following well established rules of construction, viz:
i ( # # *
“5. If the maxim ‘expressio unius est exclusio alterius’ is involved, we must consider it. State, ex rel. Robertson Realty Co., v. Guilbert, Aud. of State, 75 Ohio St., 1, 78 N. E., 931.
*79 <í# # *
“8. However, the General Assembly exercises delegated authority only, and any act passed by it not fairly falling within the scope of legislative authority is as clearly void as though expressly prohibited. Cincinnati, Wilmington & Zanesville Rd. Co. v. Commissioners of Clinton County, 1 Ohio St., 77; Baker v. City of Cincinnati, 11 Ohio St., 534; Lehman v. McBride, supra; State, ex rel. Games, v. McCann, supra; Bloom v. City of Xenia, 32 Ohio St., 461.”
In the case of City of Cleveland v. Board of Tax Appeals (1950), 153 Ohio St., 97, in the opinion by Matthias, J., at page 112, it is said:
“As stated in 2 Cooley on Taxation (4 Ed.), 1382, Section 661, 1 generally, where the Constitution enumerates the property which is or may be exempted, it is held that the Legislature has no power to exempt other property than that enumerated. The lack of power to exempt may result from the express wording of the constitutional provision or he implied on the theory that the enumeration is intended to he exclusive.’ ”
Being of the opinion that the decision of this court in the Giovanello case is controlling here, we conclude that the Court of Appeals correctly decided that Section 143.30, supra, is unconstitutional so far as it includes employees of a city school district under the jurisdiction of a municipal civil' service commission. Being of that opinion, it is unnecessary to decide other questions raised in this case.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias, Bryant' and Griffith, JJ., concur.
Bryant, J., of the Tenth Appellate District, sitting by designation in the place and stead of Herbert, J.